## Commonwealth v. Dorkoskie

*Robert Sacavage, assistant district attorney*, for the commonwealth.

*Ronald Travis*, for defendant.

RANCK, *P.J.*, February 23, 1987 — This court is faced with a matter which appears to be a case of first impression. Defendant was originally sentenced to a term of imprisonment in the Northumberland County Prison for 11 and one-half to 23 months. Upon his parole, defendant's supervision was transferred to the Pennsylvania Board of Parole by this court. During the period of parole, the county parole department was made aware of cer-

tain offenses committed by defendant which served as a basis for a revocation hearing before this court on January 8, 1987. As a result of that hearing, defendant's parole was revoked, and he was sentenced to serve the balance of his sentence with no credit for time spent on parole.

Defendant has filed a petition for reconsideration of the order of January 8, 1987. The basis of that petition is that the authority to revoke a person while under "special parole" lies with the Board of Probation and Parole and not the court of common pleas. After reviewing 61 P.S. §331.17, this court has no choice but to agree with defendant.

Section 331.17 provides in part:

"The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole persons heretofore or hereafter sentneced by any court in this commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximun period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, that *except for such special cases* the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years . . ." (emphasis supplied)

This section gives the board the power to parole, reparole, commit and recommit for violations of parole. The authority of the board extends to cases where the maximum sentence is two years or greater. In addition to these cases, the board also has authority over individuals with sentences of less than two years where the court directs supervision by the board. The problem arises with these special cases.

This court has researched the issue raised by defendant and has also been in contact with the general counsel of the parole board. No case has been uncovered which is directly on point with the case at bar. There are many cases which state that the board has no authority where the sentence is less than two years. However, these cases do not indicate that defendant was on special parole status under the board. Accordingly, they do not resolve the current problem.

Section 331.17 provides that the powers conferred on the board do not extend to persons whose maximum sentence is less than two years. However, there is an exception. That exception is in the special parole cese. In these special cases, the board has all the powers which the section provides, including the power to revoke parole following a violation.

In the case at bar, defendant was on special parole under the supervision of the board. As such, under this court's interpretation of section 331.17, any revocation procedure should have been done by the board. Accordingly, this court did not have jurisdiction to revoke defendant's parole and must vacate the order of January 8, 1987.

Section 331.17 is very poorly written. However, in its present form the board was given the power to revoke in special cases. This court does not believe

that the legislature intended to remove that power from the court. But, regardless of its intention, it has done so. 61 P.S. §331.17 either must be rewritten so as to return the revocation authority to the court or it must be made clear that the power lies with the board of parole.

Accordingly, we enter the following

### ORDER

And now, February 23, 1987, after argument and careful consideration, and based on the foregoing opinion, it is ordered and directed that this court's order of January 8, 1987 revoking defendant's parole is hereby vacated, and defendant shall be released form the Northumberland County Prison.